# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

**CIVIL ACTION NO. 09-326-JBC**

**GREENWOOD HOLDINGS, LLC, ET AL.,**                            **PLAINTIFFS,**

**V.**              <u>**MEMORANDUM OPINION AND ORDER**</u>

**MEGGITT TRAINING SYSTEMS, INC., ET AL.,**                     **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendants' motion to dismiss. R. 22. For the reasons below, the court will deny the motion and issue a show-cause order.

On September 10, 2009, the plaintiffs filed an action in Fayette Circuit Court for claims made in connection with a fire which was caused by the defendant's product, a granular rubber bullet trap system. The defendants timely removed the case to this court. This court granted the plaintiffs' motion to withdraw counsel on August 10, 2010, and ordered that they should obtain new counsel by September 9, 2010. While plaintiff Winfield C. Underwood may proceed pro se, plaintiff Greenwood Holding, LLC, is a limited-liability company and cannot proceed without representation of counsel. To date, no new counsel for Greenwood has made an appearance before this court. The defendants moved to dismiss for failure to disclose an expert and failure to prosecute the action.

This court will not grant the motion to dismiss for failure to prosecute because the plaintiffs were not warned that the failure to obtain new counsel and take discovery could lead to dismissal. *See Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999). The

1

purpose of this order is to issue that warning.  The plaintiffs have failed to obtain new counsel by the court's mandated date; respond to the defendants' motion to dismiss; or, according to the defendants, take discovery.  This order is intended to warn the plaintiffs that failure to prosecute will result in dismissal.

Nor will the court dismiss the action for failure to name an expert witness.  Such a dismissal would be premature before this issue of proper and adequate representation is resolved.


III.     **Conclusion**

Accordingly, **IT IS ORDERED** that the defendants' motion to dismiss for failure to prosecute or to obtain an expert (R. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that no later than February 28, 2011, the plaintiffs shall **SHOW CAUSE** why this action should not be dismissed for failure to prosecute and failure to obtain counsel. If the plaintiffs do not respond or if the provide an inadequate response, the court will dismiss the action.

**IT IS FURTHER ORDERED** that all deadlines and case events are **CANCELED**, to be rescheduled if and when all parties are properly represented.


Signed on  February 10, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY